| | |
|---|---|
| NC RSOL and JOHN DOES #'s 1 and 2, </br></br>   Plaintiffs, </br></br>   v. </br></br> JOSHUA STEIN, Attorney General of the State of North Carolina; </br></br> DISTRICT ATTORNEYS Lorrin Freeman (District 10); and Pat Nadolski (District 15A), </br></br>   Defendants. | 1:18-cv-597 |

**PLAINTIFFS' RESPONSE AND MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

NOW COME NC RSOL, John Doe 1, and John Doe 2, Plaintiffs in the above-captioned case, by and through undersigned counsel, and do hereby submit this Response and Memorandum in Response to Defendants' Motion to Dismiss Plaintiffs' Complaint.

**Facts**

The facts material to Defendants' Motion are straightforward. John Doe 1 is a registered sex offender in North Carolina. D.E. #1, ¶ 22. He is subject to N.C.G.S. § 14-208.18(a)(3) and (a)(4) [*id.* at ¶ 22]; desires to engage

in conduct protected by the First Amendment and proscribed by N.C.G.S. § 14-208.18(a)(3) and (a)(4) [*id.* at ¶¶ 95, 118]; and would do so but for the threat of prosecution. *Id.* at ¶¶ 96, 118. John Doe 2 is also a registered sex offender in North Carolina. *Id.* at ¶ 31. He is subject to N.C.G.S. § 14-208.18(a)(2), (a)(3), and (a)(4) [*id.*]; desires to engage in conduct protected by the First Amendment and proscribed by N.C.G.S. § 14-208.18(a)(2), (a)(3), and (a)(4) [*id.* at ¶¶ 80, 97, 118]; and would do so but for the threat of prosecution. *Id.* at ¶¶ 81, 98, 118. The State does not independently challenge NC RSOL's organizational standing in this case.

Defendants Freeman and Nadolski are the district attorneys for the judicial districts in which the individual Doe plaintiffs reside [*id.* at ¶¶ 17, 18] and are responsible under North Carolina law for prosecuting crimes in their respective districts. *Id.* at ¶ 16. Defendant Stein is the Attorney General of North Carolina [*id.* at ¶ 10] with statutory authority to bring and assist in criminal prosecutions. *Id.* at ¶ 12. No agent of the State has disclaimed any intention of enforcing the statutes challenged in this case. *Id.* at ¶ 20.

Each of the challenged statutes places significant burdens on Plaintiffs' First Amendment liberties [*see, e.g.*, *id.* at ¶¶ 69-74, 84-90, 109-114] and this is a claim for declaratory and injunctive relief. *Id.* at ¶ 4.

2

For purposes of Defendants' Motion, all of the above facts are taken as true and Plaintiffs are entitled to all reasonable inferences that may be drawn therefrom. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

## Standard of Review

Though not specifically stated, Defendants challenge this Court's subject matter jurisdiction under Fed. Rule of Civ. Proc. 12(b)(1). *See Pye v. United States*, 269 F.3d 459, 466 (4th Cir. 2001) (a challenge to standing is a challenge to subject matter jurisdiction); *RPR & Assocs. v. O'Brien/Atkins Assocs., P.A.*, 921 F. Supp. 1457, 1460 (M.D.N.C. 1995) (noting some confusion on the issue but concluding that immunity is a question of subject matter jurisdiction). Further, Defendants argue this action is subject to dismissal under Rule 12(b)(6) for failure to state a claim.

Plaintiffs bear the burden as to each of these. *See, e.g., Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (subject matter jurisdiction); *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017) (Rule 12(b)(6)). However, this burden is light. Defendants are entitled to dismissal for lack of subject matter jurisdiction only if Plaintiffs have failed to make "a prima facie showing of a sufficient jurisdictional basis[.]" *Combs*, 886 F.2d at 676, quoting 2A Moore's Fed. Prac. Para. 12.07[2.-2]. Under Rule 12(b)(6), dismissal is only appropriate when the complaint lacks any cognizable legal theory or does not allege facts that, when taken as a whole, raise the claim

3

for relief above mere speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010); *see also Mobil Oil Corp. v. Attorney Gen. of Va.*, 940 F.2d 73, 75 (4th Cir. 1991). In considering both subject matter jurisdiction and the factual sufficiency of the Complaint, the Court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw all reasonable inferences in favor of the plaintiff. *Combs*, 886 F.2d at 676 (subject matter jurisdiction); *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (Rule 12(b)(6)).[1] In the context of civil rights cases, the Court must be "especially solicitous" of harms alleged and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Id.*

## Argument

### A. Defendants Do Not Enjoy XIth Amendment Immunity from Suits for Declarative and Injunctive Relief

Defendants concede in their Brief that the XIth Amendment does not provide protection against suits for declaratory and injunctive relief alleging a violation of federal law and directed toward "officers of the State [who] are

---

[1] When, as here, Defendants do not produce extrinsic evidence in support of their Motion to Dismiss, the Complaint stands as the undisputed evidence on the issue. *Cf. Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004).

4

clothed with some duty in regard to enforcement of the law[.]" D.E. #14, p. 3 (citing *Frew v. Hawkins*, 540 U.S. 432, 437 (2004) (internal citation omitted) and *Ex Parte Young*, 209 U.S. 123, 155-56 (1908)). This is such a suit.

Defendants' argument appears to be that they are immune from suit either because there is no "ongoing" violation of federal law or because Plaintiffs do not face a "credible threat of prosecution." *Id.* at 4-5. These arguments are legally distinct, but each fails in this case.

The "ongoing violation" requirement, for XIth Amendment purposes, speaks to the nature of the relief sought. *See Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1338 (11th Cir. 1999) ("[T]he ongoing and continuous requirement [under *Ex Parte Young*] merely distinguishes between cases where the relief sought is prospective in nature, *i.e.*, designed to prevent injury that will occur in the future, and cases where relief is retrospective."); *see also Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 329-30 (explaining theory of *Ex Parte Young*). Here, where Plaintiffs seek declaratory and injunctive ("prospective") relief against a series of statutes that are currently in effect and are actively enforced, there is an "ongoing violation" of federal law.

A "credible threat of prosecution" exists (for both "immunity" and "standing" purposes) when the State has not disclaimed the intent to enforce the challenged statute. *Mobil Oil Corp.*, 940 F.2d at 76 ("We are not troubled

5

by the pre-enforcement nature of this suit. The State has not suggested that the newly enacted law will not be enforced, and we see no reason to assume otherwise."), quoting *Virginia v. American Booksellers Ass'n., Inc.*, 484 U.S. 383, 393 (1988), *vacated on other grounds*, 488 U.S. 905 (1988); *see also Holder v. Humanitarian Law Project*, 561 U.S. 1, 15 (2010); *Va. Soc'y for Human Life, Inc. v. Fed. Election Comm'n*, 263 F.3d 379, 386 (4th Cir. 2001), citing *Babbitt v. United Farmworker's Nat'l Union*, 442 U.S. 289, 298 (1979) ("[I]t is not necessary that [the plaintiff] first expose himself to actual arrest or prosecution to be entitled to challenge [the] statute that he claims deters the exercise of his constitutional rights.") (internal citation omitted). The Declaratory Judgment act exists to allow such suits. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 129 (2007) ("[T]he declaratory judgment procedure is an alternative to pursuit of the arguably illegal activity."), citing *Steffel v. Thompson*, 415 U.S. 452, 480 (1974) (Rehnquist, J., concurring); *Mobil Oil Corp.*, 940 F.2d at 76.

      Defendants rely exclusively on *Doe v. Duling*, 782 F.2d 1202, 1206 (4th Cir. 1986) [D.E. #14 at 4], but this reliance is misplaced. As the Fourth Circuit has subsequently made clear, *Duling* is limited to its unique facts – a challenge to an anti-fornication statute that had not been enforced for more than 100 years. *Mobil Oil Corp.*, 940 F.2d at 76 (rejecting *Duling*).

## B. Plaintiffs Have Standing Because They Are Subject to the Challenged Statutes and Wish to Engage in Activity Proscribed by the Statutes

Plaintiffs properly allege "injury in fact" when they state "an intent[] to engage in a course of conduct arguably affected with a constitutional interest" [D.E. #1 at ¶¶ 80-81, 95-98, 117-118] and there is a "credible threat of prosecution" for doing so. *Va. Soc'y for Human Life*, 263 F.3d at 386. As noted above, a "credible threat of prosecution" exists where the State has not disclaimed the intent to enforce the challenged laws generally, *Mobil Oil Corp.*, 940 F.2d at 76, and this is precisely what Plaintiffs have pled.[2] *Id.* at ¶ 20.

Plaintiffs' injuries are "traceable" to the named Defendants because they are the government officials charged with enforcing the challenged statutes. Defendants do not dispute that the individual district attorneys (Freeman and Nadolski) fall under this standard. And this and other courts have consistently found that the statutory authorities of the North Carolina District Attorney make him a proper defendant. *See, e.g.*, *Doe v. Cooper*, 842 F.3d 833 (4th Cir. 2016) (constitutional challenge to predecessor of N.C.G.S. § 14-208.18(a)2) and (a)(3)); *Capital Associated Indus., Inc. v. Cooper*, 129 F. Supp. 3d 281, 307 (M.D.N.C. 2015); *Meredith v. Stein*, No. 5:17-CV-528-BO,

---

[2] Defendants open the section of their Brief on "injury in fact" with a long list of quotations. None of these come from cases involving a suit for declaratory and injunctive relief against an allegedly unconstitutional statute.

7

2018 U.S. Dist. LEXIS 74214 (E.D.N.C. May 2, 2018) (constitutional challenge to provisions of the North Carolina sex offender registry law) (unpublished).

### C. Plaintiffs' Claims Are Properly Stated

Plaintiffs seek relief on the grounds that N.C.G.S. §§ 14-208.18(a)(2), (a)(3) and (a)(4) are overbroad in violation of the First and Fourteenth Amendments. D.E. #1 at ¶¶ 119-124, 128-130. To support these claims, Plaintiffs must allege facts sufficient to allow the inference that these statutes punish a substantial amount of First Amendment activity "judged in relation to their plainly legitimate sweep." *See City of Chicago v. Morales*, 527 U.S. 41, 52 (1999), quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 612-15 (1973). They have done so.

To meet this standard, Plaintiffs allege that each of these statutes has a substantial effect on Plaintiffs' ability to engage in First Amendment activities. D.E. #1 at ¶¶ 69-76, 84-90, 110-113. They allege further that these statutes do not further the Government's interest in protecting the public [*Id.* at ¶¶ 77-78, 92-94, 114-15] and that they burden substantially more First Amendment activity than necessary. *Id.* at ¶ 79, 94, 116. In short, Plaintiffs have pled that the statutes are overbroad. *See Ross v. Early*, 746 F.3d 546, 552 (4th Cir. 2014) (providing analysis for overbreadth claims).

Defendants do not dispute that these allegations are properly put forward. Instead, the gravamen of their argument is that Plaintiffs' allegations are untrue. But that argument misses the mark – all allegations are presumed to be true at this stage of litigation.

As to Plaintiffs' vagueness challenge, Defendants misstate the standard for invalidation. Contrary to Defendants' assertion, a law need not be "impermissibly vague in all its applications" for Plaintiffs to prevail. D.E. #14 at 15, citing *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497 (1982). As the Fourth Circuit made clear in *Doe v. Cooper*, a statute is void for vagueness when it fails to define a criminal offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." 842 F.3d at 842-43, quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Where a statute fails to provide such standards, "the fact that it has one or more clearly constitutional applications cannot save it." *Cooper*, 842 F.3d at 843 (rejecting prior version of N.C.G.S. § 14-208.18(a)(3) as unconstitutionally vague); *see also Johnson v. United States*, 135 S.Ct. 2551, 2560-21 (2015) ("[A]lthough statements in some of our opinions could be read to suggest otherwise, our *holdings* squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp."). Further, the Supreme Court has

9

long been clear the criminal provisions require greater clarity than civil statutes, *Kolender*, 461 U.S. at 498, as do laws that threaten First Amendment liberties. *Hoffman Estates*, 455 U.S. at 499 (noting that this is "perhaps the most important factor affecting the clarity the Constitution demands").

In *Doe v. Cooper*, the Fourth Circuit found that phrases such as "regularly scheduled" and "where minors gather" did not provide the constitutionally required notice or guidance as to what conduct was prohibited. 842 F.3d at 845. But the current version merely replaces the phrase "where minors gather for regularly scheduled programs" with "where minors frequently congregate" – failing to alleviate the core constitutional difficulty. As a matter of text, to "congregate" means "to collect together in a group, crowd, or assembly"—that is, to "gather." Webster's Third International Dictionary at 478 (2002). And, as noted in *Cooper*, the constitutional difficulty with the phrase "regularly scheduled" is that it provides no guidance at all as to how "frequently" the activity must occur – a difficulty not alleviated by simply saying "frequently." 842 F.3d at 843.

It is true that the vagueness inherent in words such as "frequently" can be mitigated by clarifying examples. *See id.* But the examples given in (a)(3) confuse more than clarify. They are generally either places *for* minors ("arcades" and "amusement parks") or places minors "frequently congregate"

10

only because they have areas set aside for minors ("libraries" and "recreation parks"). The examples of (a)(3) are of places already proscribed by (a)(1) or (a)(2), and, since we are to read statutes together, we are left with the textual oddity that subsection (a)(3) now appears to refer to places *like* (a)(1) and (a)(2) locations which are *not* (a)(1) or (a)(2) locations. *See, e.g.*, *Pa. Dep't of Pub. Welfare v. Davenport*, 494 U.S. 552, 562 (1990) (statutes should be read so as not to render other, related statutes redundant or superfluous).

The final example, "swimming pools," further confuses. Unlike the first four noted above, a swimming pool is not inherently a place either wholly or partially *for* minors nor a place where minors gather with some relatively discernible degree of frequency. Inclusion of "swimming pools" suggests that the statute is aimed at any location that *might* be used by minors yet provides no guidance as to how much use is required before the place is made off-limits. The statute then paves the way for arrest any time a minor is present at almost any facility and creates exactly the cloud on liberty the void for vagueness doctrine protects against.

### D. There are No Proper Grounds for Abstention in This Case.

Defendants suggest, almost without argument, that this Court should abstain under either *Pullman* or *Burford*. Neither is proper.

*Pullman* abstention is appropriate only where "there is (1) an unclear issue of state law presented for decision (2) the resolution of which may moot

11

or present in a different posture the federal constitutional issue such that the state law issue is 'potentially dispositive.'" *Educ. Servs., Inc. v. Md. State Bd. For Higher Educ.*, 710 F.2d 170, 174 (4th Cir. 1983). *Burford* is concerned with "protecting complex state administrative processes from undue federal interference[.]" *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 362 (1976). Such concerns arise when, and only when, "the State has established its own elaborate review system" for adjudicating particularly complex technical or administrative questions. *Educ. Servs.*, 710 F.2d at 173 ("The premise underlying the *Burford* doctrine is that the very act of review by a court other than the one purposely made familiar with the particularly complex resource regulation issues involved would upset a carefully crafted and integrated state system.").

Neither circumstance is present here or even fairly raised by the pleadings.

## Conclusion

For the reasons stated above, Defendants' Motion to Dismiss should be denied in its entirety. These are proper Plaintiffs, who have named the proper Defendants, and have properly pled that N.C.G.S. § 14-208.18's various subsections are substantially overbroad and vague in violation of the

12

Case 1:18-cv-00597-WO-JLW   Document 15   Filed 09/25/18   Page 12 of 15

First and Fourteenth Amendments. Accordingly, their suit should be allowed to proceed.

Respectfully submitted this the 25th day of September, 2018.

/s/ Paul Dubbeling
Paul Dubbeling
210 North Columbia Street
Chapel Hill, NC 27514
(919) 635-6005 Telephone
(919) 404-7074 Facsimile
paul.dubbeling@pmdubbeling.com
NC Bar # 47014

# Certificate of Service

This is to certify that the undersigned has this date electronically filed the foregoing PLAINTIFFS' RESPONSE AND MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT with the Clerk of Court using the Court's CM/ECF System, which will send notice to the following:

Ann Matthews
Special Deputy Attorney General
NC. Department of Justice
P.O. Box 629
Raleigh, NC 27602
(919) 716-6900 Telephone
(919) 716-6763 Facsimile
amatthews@ncdoj.com

    This is the 25th day of September, 2018.

*/s/ Paul M. Dubbeling*
Paul M. Dubbeling
210 North Columbia Street
Chapel Hill, NC 27514
(919) 635-6005 Telephone
(919) 404-7074 Facsimile
paul.dubbeling@pmdubbeling.com
NC Bar # 47014

14

Case 1:18-cv-00597-WO-JLW   Document 15   Filed 09/25/18   Page 14 of 15

## CERTIFICATE OF WORD COUNT

I certify that the foregoing PLAINTIFFS' RESPONSE AND MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT does not exceed 6,250 words, including the body of the brief, headings, and footnotes.

This the 25th day of September, 2018.

*/s/ Paul M. Dubbeling*
Paul M. Dubbeling
210 North Columbia Street
Chapel Hill, NC 27514
(919) 635-6005 Telephone
(919) 404-7074 Facsimile
paul.dubbeling@pmdubbeling.com
NC Bar # 47014